IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHURCHILL DOWNS INCORPORATED,<br>　　　Plaintiff,<br><br>v.<br><br>COMMEMORATIVE DERBY PROMOTIONS, INC., et al.,<br>　　　Defendants. | CIVIL ACTION NO.<br>1:12-CV-0517-WBH |

## ORDER

In this trademark and licensing dispute this Court has already determined that Defendants did infringe on Plaintiff's trademark rights in violation of the Lanham Act and has entered an order of permanent injunction which enjoins Defendants from engaging in like behavior in the future. Accordingly, the two issues that remain to be resolved are the damages that Plaintiff is entitled to recover and whether Defendants are liable to pay Plaintiff's attorneys' fees.

To again provide background, Plaintiff is the proprietor of the Churchill Downs racetrack and the Kentucky Derby and Kentucky Oaks races and holds various trademarks associated with the track and those races. Defendants market and sell horse-racing commemorative merchandise such as clothing and souvenirs. For a time,

AO 72A
(Rev.8/82)

Defendants had a licensing agreement with Plaintiff to produce and sell products bearing Plaintiff's marks. After the licensing agreement expired in 2010, Defendants continued to sell products that bore Plaintiff's protected marks, and Plaintiff brought this action.

By order of September 23, 2013, [Doc. 85], Judge Julie E. Carnes found Defendants liable to Plaintiff for infringing on Plaintiff's trademark rights under the Lanham Act and under state law, for engaging in unfair competition, and for violating the post-termination terms of the licensing agreement. Judge Carnes later granted Defendants' motion for reconsideration and concluded, *inter alia*, that Plaintiff had abandoned its trademark in "Louisville Jockey Club" such that the use of that mark in isolation would not violate Plaintiff's trademark rights. [Doc. 98]. Judge Carnes did not, however, disturb her ruling with respect to Plaintiff's other marks that Defendants had infringed.

**Damages**

In her order finding Defendants liable to Plaintiff, Judge Carnes directed the parties to submit briefs regarding the measure of damages to which Plaintiff is entitled. There are no disputes regarding the quantity of infringing material that Plaintiff sold, the amount of revenue that Plaintiff received from those sales, and

Plaintiff's profits from those sales. The parties disagree on the method that should be employed to reach a damages calculation. Plaintiff asserts that it should recover the profits from the sale of the infringing products in addition to "damages" equal to the 10% royalty payments that Defendants would have paid Plaintiff under their now-expired license agreement. Defendants argue that damages should be limited to the 10% royalty payment.

This Court disagrees with both parties. The Lanham Act provides that a plaintiff who prevails in a trademark infringement action "shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). However, this Court has wide discretion to craft a damages award that it deems appropriate to the facts of this case. This Court disagrees with Plaintiff's contention that it suffered damages because Defendants' actions caused confusion among consumers. Rather, the damage that Plaintiff suffered in this case is limited to the fact that some customers who purchased the infringing goods might have purchased properly licensed goods or goods sold by Plaintiff. This Court thus concludes that awarding both profits and royalties would give Plaintiff a windfall to which it is not entitled.

This Court further concludes that the proper measure of damages in this case should be the profits Defendants received from selling the infringing goods. Limiting damages to the royalty payments that Defendants would have paid under the former licensing agreement would permit Defendants to profit from wrongful behavior. Accordingly, this Court will set damages at $50,458.03.

## Attorneys' Fees

Under the Lanham Act, this Court can award reasonable attorney's fees to the prevailing party only in exceptional circumstances. Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001). "In this context, an exceptional case is one where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." Pelc v. Nowak, 596 F. App'x 768, 770 (11th Cir. 2015) (quotation and citation omitted). In this case, the worst that could be said of Defendants is that their actions demonstrated a cavalier attitude towards Plaintiff's trademark rights. It is clear that they tried, however ineffectively, to avoid violating the Lanham Act by not using blatant references to the Kentucky Derby and Plaintiff's other marks. Finding a trademark violation required viewing the offending goods in context. As such, this Court cannot find that Defendants acted maliciously.

AO 72A
(Rev.8/82)

## Conclusion

For the reasons stated, Defendants are **ORDERED** to pay Plaintiff damages in the amount of $50,458.03. Plaintiff's motion for attorneys' fees, [Doc. 106], is **DENIED**.

It appearing that all outstanding matters in this case have been resolved, the Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED,** this 1st day of March, 2016.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE